# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

G.D., *et al.*,

                Plaintiffs,                Civil Action 2:05-CV-980

    vs.

                                         JUDGE JOHN D. HOLSCHUH

                                         Magistrate Judge Norah McCann King

**BARBARA RILEY, Director of Ohio**
**Department of Job and Family Services,**
                Defendant.

## OPINION AND ORDER

This is an action under 42 U.S.C. § 1983 ("Section 1983") in which plaintiffs assert violations of the Medicaid Act, 42 U.S.C. §1396 *et seq.* ("Medicaid Act"). This matter is before the Court on the *Proposed Intervening Plaintiffs' Z.H., J.H. and D.G. Motion to Intervene*, Doc. No. 119 ["*Motion to Intervene*"]. For the reasons set forth below, the *Motion to Intervene* is **GRANTED**.

## I.    RELEVANT BACKGROUND

This action was originally filed as a proposed class action requesting declaratory and injunctive relief on behalf of plaintiffs and a state-wide class defined as "[a]ll children up to the age of 21 who are Medicaid eligible and have been denied access to necessary services that should have been provided through Ohio's EPSDT program."[1] *Complaint*, ¶22, Doc. No. 1; *Motion to Certify*, p. 37, Doc. No. 120. The *Complaint* alleges that the Director of Ohio's Department of Job and Family Services has failed to adequately inform plaintiffs and their

---

[1] "EPSDT" refers to the "Early, Periodic Screening, Diagnosis and Treatment" component of the Medicaid program. *See* 42 U.S.C. §1396a(43).

providers about screening, services and the means for accessing EPSDT services, has failed "to have in place policies, procedures and practices that ensure reasonable access to request the medically necessary services and corrective treatment recommended by [plaintiffs'] physicians. . . ," has failed to arrange for the provision of medically necessary services and treatments in a reasonable time frame and has failed to "implement the EPSDT provisions in accordance with the federal Medicaid Statute and implementing regulations. . . ." *Id.*, ¶¶52 - 58.

On July 15, 2009, applicants Z.H., J.H. and D.G. filed the *Motion to Intervene*. Doc. No. 119. On August 14, 2009, defendant filed *Defendant's Memorandum in Opposition to Proposed Intervening Plaintiffs' Z.H., J.H. and D.G. Motion to Intervene* ("*Memorandum Contra*"), Doc. No. 126, and on August 28, 2009, the applicants filed *Proposed Intervenor Plaintiffs' Reply to Defendant's Memorandum in Opposition to Z.H., J.H. and D.G.'s Motion to Intervene* ("*Reply*"), Doc. No. 129.

## II. STANDARDS

Z.H., J.H. and D.G. seek to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure, which provides in relevant part:

> **(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
> 
> \* \* \*
> 
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> 
> **(b) Permissive Intervention**.
> (1) *In General*. On timely motion, the court may permit anyone to intervene who:
> 
> \* \* \*
> 
> (B) has a claim or defense that shares with the main action a common question of law or fact.

>                       *         *         *
>
> > (3) *Delay or Prejudice*. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(a), (b).

## III. ANALYSIS

The proposed intervenors allege that they were initially denied services through managed care plans. *Intervenors' Class Action Complaint for Injunctive and Declaratory Relief*, ¶¶3, 7, 11 ["*Proposed Intervenors' Complaint*"], attached to *Motion to Intervene.* Although recommended services were eventually authorized, each of the proposed intervenors fears that he or she will face, in the future, the same allegedly improper procedures and limitations. *Id.*, ¶¶4, 8, 14. The proposed intervenors argue that, in this case, both provisions of Rule 24 authorize their intervention. Defendant objects to intervention, primarily on the basis of untimeliness. *Memorandum Contra*, p.1.

Any application for intervention must be timely. The United States Court of Appeals for the Sixth Circuit has identified five factors for consideration in assessing whether an application for leave to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jordan v. Michigan Conference of Teamsters Welfare Fund,* 207 F.3d 854, 862 (6th Cir. 2000) (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

The Court concludes that the *Motion to Intervene* is timely. Defendant does not contend

that the proposed intervenors engaged in unwarranted delay in seeking leave to intervene. The case was filed as a proposed class action on October 26, 2005, and *Plaintiffs' Motion for Class Certification,* Doc. No. 120, remains pending. The discovery deadlines have not yet passed. *See Scheduling Order*, Doc. No. 132.[2] Thus, and despite the age of the litigation, this case has not progressed to the point that granting the requested intervention would materially disrupt the remaining course of the litigation.

Defendant also argues that the claims of the proposed intervenors are moot because they are currently receiving medical care and services. *Memorandum Contra*, p. 2. However, because each of the proposed intervenors alleges that current authorized services will likely end and they will again be faced with the allegedly deficient procedures, the Court concludes that their claims are not moot.

A. **Intervention as of Right**

The proposed intervenors may intervene as of right if they can demonstrate a "direct and substantial" legal interest in the subject matter of the pending action or claims, establish that disposition of the action or claims may impair or impede their ability to protect that legal interest and demonstrate that the existing parties to the action or claims may not adequately protect their interests. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999); *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 292 (6th Cir. 1983). "The United States Court of Appeals for the Sixth Circuit has adopted 'a rather expansive notion of the interest sufficient to invoke intervention of right.'" *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997); *Bradley v. Milliken*, 828 F.2d 1186,

---

[2]However, defense counsel has suggested that, should the *Motion to Intervene* be granted, defendant may seek an extension of some or all of the current pretrial dates.

1192 (6th Cir. 1987). "Moreover, 'close cases should be resolved in favor of recognizing an interest under Rule 24(a).'" *Id.* (citing *Grutter*, 188 F.3d at 399; *Miller*, 103 F.3d at 1247). The proposed intervenors allege, like the plaintiffs, that defendant's administration of the EPSDT program has posed improper and on-going obstacles to their right of access to EPSDT services. This Court concludes that the proposed intervenors have articulated a direct and substantial interest in this litigation.

The second prong of the test requires a showing that the proposed intervenors' interests "may as a practical matter" be impaired or impeded if intervention is not permitted. F.R.Civ.P. 24(a)(2). *See also Grutter*, 188 F.3d at 397-98. In order to satisfy this prong, an applicant need only establish that impairment of his or her substantial legal interest is possible should intervention be denied. *See Miller*, 103 F.3d at 1247. Defendant argues that the proposed intervenors cannot satisfy this component because the intervenors "adopt the legal arguments in Plaintiff's complaint. Moreover, the same attorneys are representing both the Intervenors and the Plaintiffs. Thus, there can be little question that the Intervenors and Plaintiffs 'have the same ultimate objective' and there is a presumption against intervention." *Memorandum Contra*, p. 5 (citing *Purnell v. City of Akron,* 925 F.2d 941, 950 (6th Cir. 1991)). Defendant specifically argues that the proposed intervenors could pursue separate litigation or seek leave to file an *amicus* brief in this action. *Id.*, pp. 5 - 6.

This Court is persuaded that the proposed intervenors have carried their relatively slight burden of establishing that their legal interests may be impaired if they are not permitted to intervene. Their allegations, if true, demonstrate that the proposed intervenors have encountered difficulties in accessing EPSDT services notwithstanding the pendency of this litigation. To

suggest that they (and this Court) incur the expense and inconvenience of separate, and to some extent duplicative, litigation simply clarifies that the legal interests of the proposed intervenors "may as a practical matter" be impaired or impeded should intervention be denied. *See also Grubbs*, 870 F.2d at 347 ("judicial economy and swift resolution of disputes counsel us to urge that this related matter be addressed in this primary lawsuit.")

Finally, the third prong of the test requires the proposed intervenors to establish that their interests will not be adequately represented by plaintiffs already joined in this action. "This burden of proof is minimal because it is sufficient that the movants prove that representation **may** be inadequate." *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992)(emphasis added). "A would-be intervenor is not required to show that the current representation will in fact be inadequate." *Northeast Ohio Coalition for Homeless and Service Employees Intern. Union, Local 1199 v. Blackwell,* 467 F.3d 999, 1008 (6th Cir. 2006) (citing *Miller,* 103 F.3d at 1247). The proposed intervenors are not presently members of a certified class and have no rights in the pending litigation until such time as a class may be certified. *Id.* This Court is satisfied that the representation in this action may, if intervention is denied, be inadequate.

Therefore, this Court concludes that intervention as of right is appropriate in this case.

**B.     Permissive Intervention**

Alternatively, the Court concludes that Z.H., J.H. and D.G. should be permitted to intervene in this action under Rule 24(b) of the Federal Rules of Civil Procedure. Whether an applicant will be permitted to intervene under Rule 24(b) lies within the sound discretion of the trial court. *See Purnell, supra,* 925 F.2d at 950 - 51. "To intervene permissively, a proposed

intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 444 (6th Cir. 2005) (citing *Miller*, 103 F.3d at 1248). Once these two requirements are established, the district court must then take into account undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether intervention should be allowed. *Id.* "Moreover, permissive intervention under Rule 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation." *Id.* (citations omitted).

As discussed *supra*, the motion to intervene is timely. Moreover, and defendant's argument to the contrary notwithstanding, it is clear to this Court that the allegations of the proposed intervenors present questions of law and issues of fact in common with the claims asserted by the named plaintiffs. Finally, for the reasons stated *supra*, this Court also concludes that defendant has not articulated prejudice sufficient to warrant denial of leave to intervene.

**WHEREUPON**, the *Motion to Intervene*, Doc. No. 119, is meritorious and it is therefore **GRANTED**. The Clerk is **DIRECTED** to file the complaint in intervention, attached to the *Motion to Intervene,* Doc. No. 119.


October 30, 2009                                           *s/Norah McCann King*
Date                                                          Norah McCann King
                                                                         United States Magistrate Judge